IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK ALLEN CROW<br>(TDCJ No. 1984309), | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-2135-K-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Proceeding *pro se*, Mark Allen Crow, in the custody of the Texas Department of Criminal Justice for a term of 10 years, pursuant to three state criminal judgments all running concurrently, *see State v. Crow*, Nos. F-1122690-V, F-1122552-V, & F-1122698-V (292d Dist. Ct., Dallas Cty., Tex. Feb. 10, 2015), challenges the execution of a federal sentence entered prior to his being sentenced in state court.

Prior to that sentencing, and after Crow pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), he was sentenced to 180 months of incarceration by this Court. *See United States v. Crow*, No. 3:12-cr-105-K (01), Dkt. No. 64  (N.D. Tex. Nov. 12, 2014) (providing that the 180-month federal sentence "shall run concurrently with any sentence imposed in Case Nos. F-112790 and F-1122698 out of the 292nd District Court of Dallas County, Texas"); *see also id.*, Dkt. No. 69 (N.D. Tex. July 24, 2015) (amended judgment correcting a clerical error as to the state court case numbers).

-1-

This 28 U.S.C. § 2241 habeas action was opened based on Crow's April 24, 2015 letter to the Court [Dkt. No. 4], and United States District Judge Ed Kinkeade has referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 3.

After Crow filed a Court-ordered amended petition, confirming that his sole claim/requested relief is for his federal sentence to run concurrently with his state sentences, *see* Dkt. No. 6, the government filed a Court-ordered response explaining that Crow's petition should be dismissed as moot, *see* Dkt. Nos. 10 & 11. Crow failed to file a reply brief, and the time in which to do so has expired.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Crow's petition as moot.

## Legal Standards and Analysis

"[F]ederal prisoners must exhaust 'administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.'" *Mayberry v. Pettiford*, 74 F. App'x 299, 299 (5th Cir. 2003) (per curiam) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). But, here, the government asserts that Crow is excused from exhausting administrative remedies with the Federal Bureau of Prisons (the "BOP"), "because [he] is in state custody" and therefore "BOP's administrative remedy program is not available for him to contest the manner in which BOP is executing his federal term." Dkt. No. 10 at 4 (citing 28 C.F.R. § 542.10(b) (BOP's Administrative Remedy Program "does not apply to inmates confined in non-federal facilities"); *cf. Seastrong v. Berkebile*,

No. 3:08-cv-1853-M, 2008 WL 4999017, at *2 (N.D. Tex. Nov. 24, 2008) ("Although prisoners must generally exhaust their administrative remedies prior to filing a § 2241 action, exhaustion in the § 2241 context is not a jurisdictional requirement and may be excused in appropriate circumstances." (citations omitted)).

It appears that neither the United States Court of Appeals for the Fifth Circuit nor this Court has addressed whether a prisoner serving a federal sentence in state custody is excused from exhausting applicable BOP administrative remedies before filing a Section 2241 habeas petition challenging the execution of his federal sentence, but several courts that have addressed this issue have not excused the failure to exhaust. *See, e.g.*, *Austin v. Fed. Bureau of Prisons, Designation & Sentencing Ctr.*, 529 F. App'x 994, 994-95 (11th Cir. 2013) (per curiam) (in which the petitioner's Section 2241 petition was filed while he was in state custody and he argued that 28 C.F.R. § 542.10(b) excused his failure to exhaust, affirming dismissal for failure to exhaust, relying on its own circuit authority that "the exhaustion requirement ... is jurisdictional"); *Crawford v. United States*, No. 14 C 4098, 2015 WL 1064780, at *2 (N.D. Ill. Mar. 9, 2015) ("Although the regulations state that the program 'does not apply to inmates confined in [ ] non-federal facilities,' former federal inmates may file requests through the program for 'issues that arose during their confinement.' 28 C.F.R. § 542.10(b). This is an issue that arose during Crawford's federal confinement, because the BOP presumably determined where he would serve his sentence while he was in federal custody, after the federal judgment was entered but before he was returned to state custody over a month later. 28 C.F.R. § 542.10(b). Thus, Crawford can

-3-

make a claim through the Administrative Remedy Program.").

Here, however, the Court need not decide whether Crow should be excused from the applicable administrative exhaustion requirement because there no longer exists a case or controversy for the Court to adjudicate. *Cf. Evans v. United States*, No. 08-cv-3830 (JFB), 2010 WL 2026433, at *3 & n.3 (E.D.N.Y. May 17, 2010) (declining to determine whether exhaustion was excused under 28 C.F.R. § 542.10(b) because the court "view[ed] this issue as being one of ripeness").

Crow's claim is moot on the basis of documentation provided in the government's response reflecting that the BOP is executing Crow's federal sentence as running concurrently with his state sentences. *See* Dkt. No. 11 at 5-7. "Because [Crow] has obtained the relief that he sought in his claim, namely confirmation that he is serving his federal sentence concurrently with his state sentences, this claim is moot," and should be dismissed as such. *Crawford*, 2015 WL 1064780, at *1 (citing *Lane v. Williams*, 455 U.S. 624, 633 (1982)).

## Recommendation

The Court should dismiss the Section 2241 petition as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

-4-

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 9, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE